IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02690-GPG

DELBERT C. STEELE,

    Plaintiff,

v.

ANGLO GOLD ASHANTI/CRIPPLE CREEK & VICTOR GOLD MINE,
SCOTT MURPHY,
GROVER WALLACE,
TINA KLEIN,
LOUSIE CARDENAS,
GREG GIBSON,
ACTUAL NAMES UNKNOWN,
JD MICKEY, and
VERN BRADY,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Delbert C. Steele, has filed *pro se* a Title VII Complaint (ECF No. 1). The court must construe the complaint liberally because Mr. Steele is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Steele will be ordered to file an amended complaint if he wishes to pursue his claim in this action.

    The complaint is deficient because Mr. Steele fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against

them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Steele fails to provide a short and plain statement of the claim he is asserting. Although Mr. Steele has filed a Title VII Complaint, he does not assert any claims pursuant to Title VII, which prohibits employment discrimination on the basis of race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a)(1).  Instead, Mr. Steele claims only that he was terminated in retaliation for complaining about hazardous workplace conditions.  The Court notes that Mr. Steele checked boxes in his administrative Charge of Discrimination alleging discrimination based on race, religion, national origin, and retaliation.  (*See* ECF No. 1 at 7.)  However, Mr. Steele did not include in his administrative Charge of Discrimination specific factual allegations that

would support a claim of discrimination on the basis of race, religion, or national origin, or in retaliation for engaging in statutorily protected activity under Title VII, and he does not include such allegations in the Title VII Complaint.

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, Mr. Steele must file an amended complaint. Mr. Steele must identify the specific claim he is asserting and the specific facts that support his claim. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Steele is advised that, if he intends to pursue a claim of employment discrimination under Title VII, the only proper Defendant is his former employer because supervisors and other employees may not be held personally liable under Title VII. *Haynes v. Williams*, 88 F.3d 898 (10th Cir. 1996). Accordingly, it is

ORDERED that Mr. Steele file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Steele shall obtain the appropriate court-approved

pleading form, along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Steele fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED December 15, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge