IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02690-GPG

DELBERT CHARLES STEELE,

    Plaintiff,

v.

ANGLO GOLD ASHANTI/CRIPPLE CREEK & VICTOR GOLD MINE,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Delbert Charles Steele, initiated this action by filing *pro se* a Title VII Complaint (ECF No. 1). On December 15, 2015, the court ordered Mr. Steele to file an amended complaint that clarifies the claims he is asserting. The court determined the Title VII Complaint did not comply with the pleading requirements of the Federal Rules of Civil Procedure because Mr. Steele failed to provide a short and plain statement of his claims showing he is entitled to relief. In particular, Mr. Steele failed to allege specific facts that demonstrate his rights under Title VII have been violated because he did not allege he suffered employment discrimination on the basis of his race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1).

    On January 14, 2016, Mr. Steele filed an amended Title VII Complaint. (*See* ECF No. 6.) The court must construe the amended Title VII Complaint liberally because Mr. Steele is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The court has reviewed the amended Title VII Complaint and finds that Mr. Steele still fails to allege specific facts that demonstrate he is entitled to relief under Title VII. However, because he has made some effort to comply with the court's prior order, he will be given one more opportunity to file a pleading that provides a short and plain statement of his claims showing he is entitled to relief.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings

violate the requirements of Rule 8.

Mr. Steele claims in the amended Title VII Complaint that he was harassed and ultimately terminated from his employment in retaliation for complaints about harassment and disparate treatment and threatening to file a discrimination lawsuit.   Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter . . . .'   42 U.S.C. § 2000e-3(a).   A prima facie case of retaliation under Title VII has three elements:   (1) the plaintiff's 'protected opposition' under § 2000e-3(a), (2) an adverse employment action against the plaintiff, and (3) a causal connection between the 'protected opposition' and the adverse employment action."   *Zokari v. Gates*, 561 F.3d 1076, 1081 (10th Cir. 2009).   As the Tenth Circuit has noted, "[o]pposition is protected under § 2000e-3(a) only if it is opposition to a practice made an unlawful employment practice by Title VII."   *Id.*

Although Mr. Steele alleges that he complained about harassment and disparate treatment and that he threatened to file a discrimination lawsuit, he fails to provide a short and plain statement of his retaliation claim that shows he is entitled to relief because he fails to allege any facts that demonstrate he opposed discrimination motivated by his race, color, religion, sex, or national origin.   *See* 42 U.S.C. § 2000e-2(a)(1).   In other words, he fails to allege facts that demonstrate his complaints about harassment and disparate treatment or the discrimination lawsuit he threatened to file, which allegedly caused the adverse employment action, involved any issues of unlawful race, color, religion, sex, or national origin discrimination.   In the absence of such factual allegations,

he fails to give Defendant fair notice of the Title VII claims being asserted.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with this order. It is

FURTHER ORDERED that Plaintiff shall obtain the appropriate court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED January 19, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge