IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02690-GPG

DELBERT C. STEELE,

     Plaintiff,

v.

ANGLO GOLD ASHANTI/CRIPPLE CREEK & VICTOR GOLD MINE,

     Defendant.

---

## ORDER OF DISMISSAL

---

     Plaintiff, Delbert C. Steele, initiated this action by filing *pro se* a Title VII Complaint
(ECF No. 1).   On December 15, 2015, Magistrate Judge Gordon P. Gallagher ordered
Mr. Steele to file an amended complaint.   Magistrate Judge Gallagher determined the
Title VII Complaint did not comply with the pleading requirements of the Federal Rules of
Civil Procedure because Mr. Steele failed to provide a short and plain statement of his
claims showing he is entitled to relief.   In particular, Mr. Steele failed to allege facts that
demonstrate his rights under Title VII have been violated because he did not allege he
suffered employment discrimination on the basis of his race, color, religion, sex, or
national origin.   *See* 42 U.S.C. § 2000e-2(a)(1).   Magistrate Judge Gallagher noted that,
although Mr. Steele indicated in an administrative Charge of Discrimination filed with the
Colorado Civil Rights Division and the Equal Employment Opportunity Commission that
he suffered discrimination based on race, religion, national origin, and retaliation, he did
not include either in the administrative Charge of Discrimination or in the Title VII

Complaint any specific factual allegations that would support a claim of discrimination based on race, religion, or national origin, or in retaliation for engaging in statutorily protected activity under Title VII.

On January 14, 2016, Mr. Steele filed an amended Title VII Complaint (ECF No. 6) claiming he was harassed and ultimately terminated from his employment in retaliation for complaints about harassment and disparate treatment and threatening to file a discrimination lawsuit.   In an order entered on January 19, 2016, Magistrate Judge Gallagher determined that Mr. Steele still failed to allege specific facts that demonstrate he is entitled to relief under Title VII.   However, because Mr. Steele had made some effort to clarify his claim, he was given another opportunity to file a pleading that provides a short and plain statement of his claim showing he is entitled to relief.   Magistrate Judge Gallagher identified for Mr. Steele the three elements necessary to establish a prima facie case of retaliation under Title VII, see *Zokari v. Gates*, 561 F.3d 1076, 1081 (10th Cir. 2009), and reiterated that, if Mr. Steele intends to pursue a retaliation claim under Title VII, he must allege facts that demonstrate his complaints about harassment and disparate treatment or the discrimination lawsuit he threatened to file involved issues of unlawful race, color, religion, sex, or national origin discrimination.

On February 18, 2016, Mr. Steele filed a second amended Title VII Complaint (ECF No. 9).   The court must construe the second amended Title VII Complaint liberally because Mr. Steele is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.

Mr. Steele claims in the second amended Title VII Complaint that he was wrongfully terminated from his employment with Defendant in retaliation for complaining about hazardous working conditions and harassment and for filing two complaints under the Mine Safety and Health Act ("MSHA") regarding unsafe working conditions and harassment.   He does not allege that he was discriminated against based on race, color, religion, sex, or national origin or that he faced retaliation for engaging in statutorily protected activity under Title VII.   In other words, he does not allege that he was terminated in retaliation for complaints about race, color, religion, sex, or national origin discrimination.   Therefore, his retaliation claim is not properly asserted pursuant to Title VII.   *See* 42 U.S.C. § 2000e-2(a)(1).

Mr. Steele also asserts jurisdiction over his retaliation claim in the second amended complaint pursuant to 42 U.S.C. § 1983.   However, he may not assert the retaliation claim pursuant to § 1983 because he does not allege facts that demonstrate Defendant was acting under color of state law.   Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."   *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).   "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."   *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).   Therefore, the only proper defendants in a § 1983 action are those who "'represent [the State] in some capacity, whether they act in accordance with their authority or misuse it.'"   *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172

3

(1961)).

Finally, to the extent the second amended complaint could be construed liberally as asserting a retaliation claim pursuant to the MSHA, the Court lacks jurisdiction to consider such a claim.   Under the MSHA, a claimant must file a complaint with the Secretary of Labor and proceed through the Secretary or, if the Secretary has determined no violation occurred, file an action with the Federal Mine Safety and Health Review Commission, with judicial review in the Courts of Appeals.   *See* 30 U.S.C. §§ 815(c)(2) & (3), 816(a).   The MSHA does not provide for filing an action in federal district court.

The instant action will be dismissed without prejudice because Mr. Steele fails to allege facts that support an arguable claim over which the Court has subject matter jurisdiction.   Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Title VII Complaint (ECF No. 1), the amended Title VII Complaint (ECF No. 6), the second amended Title VII Complaint (ECF No. 9), and the action are dismissed without prejudice for lack of subject matter jurisdiction.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on

appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __24th__ day of ___February_____, 2016.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court